## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHERRY SNELL, | : | Case No.  3:20-CV-213 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Sherry Snell brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. # 14), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. # 18), and the administrative record (Doc. # 11).

## I.     Background

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income benefits on August 24, 2016, alleging disability due to several impairments, including diabetes and problems with her back, feet, and knees.  (Doc. #11 at *PageID* # 303).  After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins.  Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]  He reached the following main conclusions:

Step 1:    Plaintiff has not engaged in substantial gainful activity since May 1, 2016, the alleged onset date.

Step 2:    Plaintiff has the following severe impairments: Diabetes Mellitus I; Degenerative Disc Disease; Osteoarthritis; and Chronic Obstructive Pulmonary Disease (COPD).

Step 3:    Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) would be permitted to alternate between sitting and standing every 15 minutes while at the workstation; (2) frequently handle, finger, and feel bilaterally; (3) never climb ladders, ropes or scaffolds; (4) occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and (5) avoid  concentrated exposure to extreme heat, extreme cold, dust, odors, fumes, and pulmonary irritants."

Plaintiff is capable of performing past relevant work as an administration clerk, order clerk, and appointment clerk. This work does not require the performance of work-related activities precluded by [Plaintiff]'s residual functional capacity.

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

(Doc. # 11, *PageID* #s 52-61).  Based on these findings, the ALJ concluded that Plaintiff has not

been under a benefits-qualifying disability since May 1, 2016, the alleged onset date.  *Id.* at 62.

The evidence of record is adequately summarized in the ALJ's decision (Doc. # 11, *PageID*

#s 52-62), Plaintiff's Statement of Errors (Doc. #14), and the Commissioner's Memorandum in

Opposition (Doc. #17).  To the extent that additional facts are relevant, they will be summarized

in the discussion section below.

## II.    <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported

by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r*

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th

Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial

evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more

than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may

result in reversal even if the ALJ's decision is supported by substantial evidence in the record.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff]

of a substantial right." *Bowen,* 4v  78 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d

541, 546-47 (6th Cir. 2004)).

## III.   Discussion

In her first assignment of error, Plaintiff contends that the ALJ failed to properly evaluate

the opinion of Plaintiff's treating physician, Dr. Darci Brown. (Doc. #14, *PageID* #s 1783-84).  In

contrast, the Commissioner maintains that the ALJ properly discounted the opinion of Dr. Brown

and that substantial evidence supports the ALJ's decision. (Doc. #17, *PageID* #s 1805-07).

### A.   Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing

medical opinions.  "Key among these is that greater deference is generally given to the opinions

of treating physicians than to those of non-treating physicians, commonly known as the treating

physician rule." *Rogers,* 486 F.3d at 242 (citations omitted).  The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two
> conditions are met: (1) the opinion "is well-supported by medically
> acceptable clinical and laboratory diagnostic techniques"; and (2)
> the opinion "is not inconsistent with the other substantial evidence
> in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. §

404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.[2]

If the treating physician's opinion is not controlling, "the ALJ, in determining how much

weight is appropriate, must consider a host of factors, including the length, frequency, nature, and

---

[2] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017.  *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

In this case, Plaintiff's treating physician, Dr. Brown, indicated that she had been treating Plaintiff for less than a year and found that she suffers from moderately severe depression as a result of her diabetes. (Doc. #11-3, *PageID* #1771). In this time, she observed that Plaintiff suffered from depressive symptoms, including poor memory, sleep disturbance, tobacco dependence, anhedonia or pervasive loss of interests, feelings of guilt/worthlessness, difficulty thinking or concentrating, and decreased energy. *Id.* According to Dr. Brown, stress worsens Plaintiff's depression and exacerbates her diabetes by causing her blood glucose levels to increase. *Id.* at 1771-72. She opined that Plaintiff's psychological impairments would cause her to be absent less than once a month and would distract her from work about a third of the time during an eight-hour workday. *Id.* at 1772. Dr. Brown indicated that she did not believe Plaintiff would be able to

5

sustain full-time competitive work without being off task more than fifteen percent of the workday due to her impairments. *Id.*

In his review, the ALJ determined that Dr. Brown's opinion was not entitled to "controlling weight or even deferential weight" but rather afforded "partial weight" to her opinion. (Doc. #11-2, *PageID* #55).  In reaching this conclusion, the ALJ first pointed out that Dr. Brown had only been treating Plaintiff for less than a year. *Id.*  The ALJ then critiqued Dr. Brown for offering an opinion on Plaintiff's mental impairments when she is "not a recognized mental health professional" but, rather, primarily treats Plaintiff for her "physical impairment." *Id.*  The ALJ also found that Dr. Brown's treatment records "do not coincide with her pessimistic assessment of [Plaintiff's] mental functioning capabilities." *Id.*  As evidence of these alleged inconsistencies, the ALJ pointed to treatment notes showing "largely normal memory, […] no signs of confusion, [and] that [Plaintiff's] depression is controlled with medication[.]" *Id.*  The ALJ characterized Dr. Brown's statements that Plaintiff would likely be absent from work, be distracted for a third of the workday, and off-task for fifteen percent of the workday as "speculative at best and lacking any support in the medical record." *Id.*

The ALJ's justifications for discounting Dr. Brown's opinion are flawed for several reasons.  First, while the ALJ acknowledged that Dr. Brown served as Plaintiff's "treating physician" and addressed the issue of controlling weight, the ALJ did not properly analyze the opinion under the two conditions of the treating physician rule.  That is, the ALJ failed to discuss whether Dr. Brown's opinion is (1) well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the case

record. Instead, the ALJ improperly reduced the two-step evaluation procedure mandated by the Regulations into solely consideration of the remaining factors in the Regulations, such as the "supportability" and "consistency" factors. *See* 20 C.F.R. § 404.1527(c)(1)-(6). This constitutes error because the "supportability" and "consistency" factors, along with the others listed in the Regulations, "are properly applied only *after* the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376 (emphasis added) (citation omitted). The ALJ's focus on the factors "hinders a meaningful review of whether the ALJ properly applied the treating physician rule that is the heart of this regulation." *Id.* (citing *Wilson*, 378 F.3d at 544).

Second, by ignoring the two-stage analysis of the treating physician rule, the ALJ also failed to satisfy his obligation to "be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188 at *5 (July 2, 1996); *see also Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)) ("The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.").

By collapsing the analysis of Dr. Brown's opinion into one step, the ALJ failed to evaluate her opinion under the correct legal criteria. "Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial*

7

*evidence*, even where the conclusion of the ALJ may be justified based upon the record.'" *Blakely*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

Additionally, substantial evidence does not support the ALJ's decision to disregard Dr. Brown's opinion on the basis that she primarily treated Plaintiff's "physical condition" for "less than a year" and is "not a recognized mental health professional." (Doc. #11-2, *PageID* #55). Again, as an initial matter, Dr. Brown's specialization, including the nature and extent of her treatment, are factors "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. § 404.1527(c). Moreover, it is well-recognized that primary care physicians are, in fact, authorized to opine on the mental status of their patients. *See Mason v. Comm'r of Soc. Sec.,* No. 1:07–cv–51, 2008 WL 1733181, at *14 n.5 (S.D. Ohio Apr. 14, 2008) (Beckwith, D.J.) ("A treating physician's opinion on the mental state of his patient constitutes competent medical evidence even though the physician is not a certified psychiatrist.").[3] Indeed, in this case, this criticism is particularly misplaced given Dr. Brown's statement that Plaintiff's diabetes causes her moderately severe depression, which, in turn affects her stress and glucose levels, thus demonstrating the intertwined nature of Plaintiff's physical and mental impairments, as well as Dr. Brown's treatment of these impairments. (*See* Doc. #11-3, *PageID* #s 1771-72).

Based on the foregoing, the Court finds Plaintiff's statement of error to be well-taken and that the ALJ failed to properly assess the mental health opinion of Plaintiff's treating physician.

---

[3] As the Ninth Circuit has noted, "[w]hile the medical profession has standards which purport to restrict the practice of psychiatry to physicians who have completed residency training programs in psychiatry ... it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987) (internal and external citations omitted).

As a result, the ALJ's non-disability finding is deemed unsupported by substantial evidence, and warrants remand.

### B.     Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

## IT IS THEREFORE ORDERED THAT:

1.  The Commissioner's non-disability finding is vacated;

2.  No finding is made as to whether Plaintiff Sherry Snell was under a "disability" within the meaning of the Social Security Act;

3.  This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4.  The case is terminated on the Court's docket.

December 14, 2021

s/Peter B. Silvain, Jr.
Peter B. Silvain, Jr.
United States Magistrate Judge